IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BRANDON SMITH**                                                                                        **PLAINTIFF**

**V.**                                                                   **NO. 3:21-CV-128-DMB-RP**

**STEPHEN D. POOLE**                                                      **DEFENDANT**

**ORDER**

Brandon Smith brought this action against Stephen Poole alleging violations of the Americans with Disabilities Act based on the facilities at a furniture store. Poole moves to dismiss for lack of subject matter jurisdiction, arguing that subsequent corrective accessibility measures rendered Smith's claims moot. Because Smith's failure to respond to Poole's motion to dismiss amounts to an abandonment of his claims and because Smith otherwise fails to carry his burden of showing jurisdiction exists, this case will be dismissed.

**I**
**Procedural History**

On June 15, 2021, Brandon Smith filed a complaint in the United States District Court for the Northern District of Mississippi against Stephen D. Poole. Doc. #1. The complaint alleges that Poole, as "the owner, lessor, and/or operator/lessee" of the "Classic Home Furniture & Mattress located at 773 Goodman Rd E, Southaven, MS" ("Property"), violated Title III of the Americans with Disabilities Act ("ADA") by failing to remove physical barriers which prevent Smith, who uses a wheelchair, from accessing the Property. *Id.* at 2–11. The complaint details specific violations related to the Property's parking lot[1] and general allegations regarding

---

[1] Under the "Accessible Routes/Parking" heading, the complaint alleges that "[t]here is no van accessible parking present," "no visible upright signage … designating any parking spaces as accessible," "no van accessible parking identified," and "not enough designated accessible parking spaces and not enough access aisles present;" that "[t]he curb ramp at storefront curb serving the tenant space entrances … have runs with abrupt changes in level at the

"maintenance practices."[2] *Id.* at 7–8.

After the parties conducted discovery, Smith filed a motion for summary judgment on April 4, 2022. Doc. #34. Poole filed a response, Doc. #41, and Smith did not reply.

On June 6, 2022, Poole filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that "modifications were undertaken to [his] facility to bring it into full compliance with [ADA] requirements" such that Smith's "claims that have been voluntarily remedied are moot." Doc. #43. Smith did not respond to the motion to dismiss.[3]

## II
## Standard

Motions brought under Federal Rule of Civil Procedure 12(b)(1) challenge a court's subject matter jurisdiction. Generally, "[w]hen facing a challenge to subject-matter jurisdiction and other challenges on the merits, [a court] must consider first the Rule 12(b)(1) jurisdictional challenge prior to addressing the merits of the claim." *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014). Where, as here, "the defendant submits affidavits, testimony, or other evidentiary materials" in support of the motion, the attack is considered factual and "a plaintiff must prove the existence of subject-matter jurisdiction by a preponderance of the evidence and is obliged to submit facts through some evidentiary method to sustain his burden of proof." *Superior MRI Servs., v. Alliance Healthcare Servs., Inc.*, 778 F.3d

---

bottom transitions from the parking surface;" and that "[t]he access aisle adjacent to the designated accessible space has a curb ramp projecting into it and/or has surfaces which are otherwise not level in all directions." Doc. #1 at 7–8.

[2] Under the "Maintenance Practices" heading are allegations that Poole "has a practice of failing to maintain the accessible features of the facility" and "a practice of failing to maintain the accessible elements at the [Property] by neglecting [his] continuing duty to review, inspect, and discover transient accessible elements which … are prone to shift from compliant to noncompliant;" and that he "has failed to modify [his] discriminatory maintenance practices to ensure that, pursuant to [his] continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals." Doc. #1 at 7.

[3] In an October 3, 2022, joint motion to continue trial, the parties represented that Poole would "soon file a supplement to [his] motion to dismiss that, [he] asserts, will establish that [his] property is fully ADA-compliant." Doc. #45 at 1. To date, no supplement has been filed.

502, 504 (5th Cir. 2015) (internal quotation marks omitted). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in the same forum or in another. *See Lopez v. Pompeo*, 923 F.3d 444, 447 & n.2 (5th Cir. 2019).

### III
### Analysis

Relying on his own declaration, Poole argues Smith's claims "are moot as most property conditions that allegedly failed to meet ADA accessibility standards have been remedied" and "[a]ll remaining items listed in the Complaint are in the process of being voluntarily remedied … as soon as possible." Doc. #44 at 1–2. In his declaration, Poole explains that he "hired an ADA expert, Mr. Rick Hinrichs, to inspect [the Property] and provide [him] with a report of any and all conditions that were not ADA compliant;" "[s]ince receiving Mr. Hinrich's report [in January 2022, he has] at substantial expense modified the Premises to achieve full ADA compliance," including tearing out and completely rebuilding the two restrooms; as of May 25, 2022, "one of the handicap-parking spaces had not been leveled when other corrective work had been performed there, and … there were some accessories in the two new bathrooms that had not been installed exactly as ADA requirements specify" but the facility is otherwise ADA compliant; and he made arrangements to have the remaining issues corrected. Doc. #43-1 at 2–3.

"Article III's 'case or controversy' requirement permits federal courts to adjudicate only live disputes—a party must retain a legally cognizable interest in the outcome of an issue, or its resolution is moot." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 548 (5th 2020) (internal quotation marks omitted); *see Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997) (to obtain declaratory relief, a plaintiff "must show that an actual case or controversy under the ADA exists"). To determine mootness, the "central question is whether decision of a once-living

dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties." *Hinkley*, 968 F.3d at 548 (cleaned up).

Because Smith failed to respond to the motion to dismiss, he is deemed to have abandoned his claims since "[a] plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims." *Terry Black's Barbeque, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022). Further, Smith has offered nothing to rebut Poole's evidence that most all the alleged ADA violations have been remedied and arrangements have been made to correct any remaining violations.[4] *See Smith v. Stateline Road W. Ctr., LLC*, No. 3:21-cv-62, 2022 WL 453181, at *3 (N.D. Miss. Sept. 28, 2022) ("[D]istrict courts routinely dismiss ADA accessibility claims if the defendant corrects the property conditions at issue, and these dismissals are frequently affirmed by the United States Courts of Appeal.") (collecting cases). Because Smith, as "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist,"[5] he has failed to carry his jurisdictional burden. Accordingly, this Court lacks jurisdiction and this case must be dismissed.

## IV
## Conclusion

Poole's motion to dismiss [43] is **GRANTED**. Smith's motion for summary judgment [34] is **DENIED without prejudice as moot**. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**SO ORDERED**, this 20th day of October, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court acknowledges that because there is no evidence that the remaining violations have actually been corrected, claims related to those violations may not be moot. However, such claims are still properly dismissed as abandoned based on Smith's failure to respond to the motion to dismiss.

[5] *Raj v. La. State Univ.*, 714 F.3d 322, 327 (5th Cir. 2013).